EDWARD F. EGAN v. WINNIPEG BASEBALL CLUB, Limited.[1]

December 1, 1905.

Nos. 14,484—(100).

**Contract.**

 Action to recover salary due upon a baseball contract. *Held*, that the trial court correctly construed the contract, and that the evidence sustains the verdict for the plaintiff.

Appeal by defendant from an order of the district court for Ramsey county, Orr, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*J. F. George,* for appellant.

*Thomas McDermott,* for respondent.

START, C. J.

Action to recover a balance of $800, which the plaintiff alleges to be due to him from the defendant for services rendered to the defendant by the plaintiff as a baseball player, pursuant to a contract between the parties, and to recover the further sum of $126.50, which the plaintiff claims that he paid out and expended for the defendant at its request. Verdict for the plaintiff in the sum of $526, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

The plaintiff managed a baseball team for the defendant during the seasons of 1902 and 1903, and on September 10, 1903, the parties entered into a written contract, wherein the defendant was designated as the party of the first part and the plaintiff as the party of the second part, and whereby the plaintiff agreed, for the stipulated monthly salary of $266.66, to manage the defendant baseball team during the next year,

[1] Reported in 104 N. W. 947.

to commence on April 1 and to end on October 1. The contract provided that the plaintiff should devote his entire time and services as a baseball player to the defendant, and also not to render any services as a ball player to any other party during the time of the contract, without the defendant's consent. The contract also contained this provision:

> Party of the second part to devote his time in the interim in the interest of the Winnipeg Baseball Club, Limited. Party of the first part hereby agrees not to release party of the second part within time specified herein under any circumstances.

This provision was written into the contract, but the other provisions were printed; hence it must prevail over the printed portion of the contract, if there is an inconsistency between them.

All of the defendant's assignments of error which are sufficient in form and substance raise two general questions, namely, the construction of the contract and whether the evidence is sufficient to sustain the verdict.

1. It is the contention of the defendant that the contract should be construed simply as one for personal services, and subject to the rule that the illness of the party who has obligated himself to render personal services terminates the contract. The defendant claims that the plaintiff by reason of illness never entered upon the performance of the contract and never earned any salary thereunder. This contract, however, is something more than the ordinary contract for personal services; for the defendant thereby agreed not to release the plaintiff during the term specified in the contract under any circumstances. Evidence was received on the trial to the effect that in baseball circles the word "release" is the same as the word "discharge." The plaintiff obligated himself by the contract not to render any services as a baseball player to any party during the time limit of the contract, and it would seem to be only fair that the defendant should, as it did, obligate itself not to release or discharge the plaintiff within such time. If, as the defendant claims, the plaintiff never entered upon the performance of the contract and never rendered any service thereunder, he would not be entitled to recover thereon. But, as we construe the contract, if the plaintiff did in fact enter upon the performance of the contract and rendered services thereunder, he would be entitled to the stipulated

compensation so long as the contract remained in force. Whether the defendant would be justified in terminating the contract, if the plaintiff by illness or otherwise became incapacitated to perform it on his part, we need not determine; for the defendant made no attempt to do so. The trial court construed the contract substantially as we do, and correctly submitted the question to the jury on that basis, and did not err in refusing the defendant's special requests for instructions to the jury which were based upon its theory of the contract and the evidence.

2. The evidence tends to show that the plaintiff did enter upon the performance of his contract; that thereafter he became ill and did not himself play ball, but that he continued to render limited services to the defendant in the management of its team, arranging games, securing players, and consulting and advising with the defendant's president by letters, telegrams, and personal conferences; and, further, that he was released by the defendant July 15, 1904, and not before, upon his own request. The evidence was conflicting, and we hold that it fairly sustains the verdict.

The defendant claims that there was no evidence tending to support the plaintiff's claim for money paid for its use and benefit, and that the trial court erred in submitting the question to the jury. Even if the record supports this claim, it was not reversible error; for the plaintiff was entitled to recover on the contract for services, if at all, the stipulated salary until he was released. The verdict establishes his right so to recover, but it is for an amount less than the amount due him on account of salary.

Order affirmed.